**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHANIE GONZALES<br>1751 Bonita Bluff Court<br>Ruskin, FL 33570<br><br>Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION<br>1800 Massachusetts Ave NW<br>Washington, DC 20036<br>and<br>SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE PENNSYLVANIA<br>1500 N 2nd St<br>Harrisburg, PA 17102<br><br>Defendants. | : | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Stephanie Gonzales (hereinafter referred to as “Plaintiff” unless indicated otherwise), hereby complains as follows against Service Employees International Union (hereinafter “SEIU”) and Service Employees International Union Healthcare Pennsylvania (SEIU-HCPA) (hereinafter collectively referred to as “Defendants” unless otherwise indicated), and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA" - 38 U.S.C. §§ 4301 *et seq.*) and Pennsylvania Military Affairs Act (“PMAA” - as amended, 51,

Pa.C.S.A. §§ 7301, *et seq*). As a result of Defendants' unlawful actions, Plaintiff has suffered the damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult female with an address as set forth in the above caption.

7. Defendant SEIU is a labor union which represents workers in healthcare, public services, and property services across the United States and Canada headquartered at the address as set forth in the above caption.

8. Defendant SEIU-HCPA is a healthcare provider who provides healthcare services across Pennsylvania headquartered at the address as set forth in the above caption and is operated by SEIU.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

10. Defendants are "employers" under USERRA because at all times relevant herein, Defendants have employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

## **FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about April 30, 2025, and worked for Defendants for approximately one (1) year until Defendants eventually terminated her employment on or about May 17, 2026 (discussed further *infra*).

13. Plaintiff worked for Defendants as a Union Orginizer.

14. Plaintiff received praise for her job performance including but not limited to her receiving a promotion in or about November of 2025 and a 12% raise in or about December of 2025.

15. At all times relevant herein, Plaintiff was supervised by Vice President, Ali Kronley (hereinafter "Kronley").

16. Defendants' office structure required there to be a direct supervisor for her to report to, however, Plaintiff's only direct contact was Kronley.

17. At all times relevant, Plaintiff was a member of the United States Army Reserves.

18. As a member of the United States Army Reserves, Plaintiff would occasionally need to take time off from work to attend various Army trainings.

19. Unfortunately, Plaintiff experienced hostility and animosity towards her military training from Defendants' management, including but not limited to Kronley, as discussed further below.

20. In or about March of 2026, Plaintiff informed Kronley that she had upcoming military training obligations to fulfill.

21. As Plaintiff was given a few options from the Army, Plaintiff asked Kronley to choose which dates worked best for Defendant.

22. After discussing the dates with Kronley, Plaintiff took leave from work to fulfill her military training obligations on or about March 6-8, 2026, and March 14-17, 2026.

23. When Plaintiff returned from military leave, she began to notice that Kronley was treating her differently and subjecting her to a progressively hostile environment.

24. For example, on or about April 20, 2026, Plaintiff asked to use her vacation time to take a day off.

25. In response to Plaintiff's request for a day off, Kronley informed Plaintiff: "no, you already take time off for the military."

26. Kronley additionally told Plaintiff she had to "make a choice" between the Union and the Military because she "couldn't do both."

27. In addition to Kronley's refusal to allow Plaintiff to use vacation time and subjecting her to retaliatory/discriminatory comments related to her military service, Kronley also started changing Plaintiff's performance goals/metrics and giving Plaintiff progressively more impossible tasks to complete.

28. For example, Plaintiff, for the first time in her employment with Defendants was required to provide Kronley with a summary of everything she accomplished each day.

29. Then, Kronley increased the aforesaid task by requiring Plaintiff to detail each person she spoke to every day at work, what the individuals said on the phone, what meetings Plaintiff attended, and the number of people Plaintiff tried to call (among other details).

30. At a certain point, Plaintiff, having a very busy and demanding position with Defendants mentioned to Kronley that these tasks seemed impossible for Plaintiff to complete each day as they added approximately one-to-two hours to Plaintiff's workday – and took time away from her actual job duties.

31. On or about May 5, 2026, Plaintiff and Kronley had a meeting wherein they discussed that the aforesaid reporting requirements were not working and Kronley seemingly wished to work with Plaintiff to reach a good resolution.

32. Plaintiff suggested to Kronley that, in the past, Plaintiff's former manager would discuss the activities of the day instead of writing a report – Kronley agreed to the proposed plan.

33. Plaintiff left for another Army obligation the next day, on or about May 6, 2026.

34. When Plaintiff returned from her Army training, Kronley had completely reversed course, acting as if she never had a conversation with Plaintiff on or about May 5, 2026 regarding the reports.

35. For example, on Plaintiff's first day back from her May Army training (discussed *supra*), Kronley required Plaintiff to provide even **more detail** in her written reports – down to the hour.

36. If Plaintiff was unable to submit extremely detailed reports, including minute-by-minute actions of her day, by 8:30 PM, despite informing Kronley that she was still working and had not completed all her tasks yet, Kronley found this unacceptable.

37. On or about May 22, 2026, Plaintiff received an email from Chief of Staff, Zach Zobrist (hereinafter "Zobrist"), informing HR that due to some issues, Defendants needed to have a meeting with Plaintiff and instructed her to bring another staff member as a witness.

38. Plaintiff reached out to Zobrist and inquired as to what the meeting was about. In response, Zobrist only informed Plaintiff to bring another staff member to the meeting to "represent her."

39. During the meeting, Plaintiff was questioned about alleged reporting deficiencies.

40. Plaintiff attempted to remind Kronley about their aforesaid May 5, 2026 discussion, regarding their agreement to shift from reports to conversations about the workday.

41. Regardless, Plaintiff was discriminatorily and retaliatorily placed on a Performance Improvement Plan (PIP) on or about May 22, 2026, again subjecting Plaintiff to increased scrutiny of her job and expecting her to complete unattainable metrics.

42. Plaintiff informed Defendants that she believed their aforesaid actions were retaliation.

43. After the meeting, Plaintiff called Zobrist to inform him that she believed Kronley was discriminating/retaliating against her due to her military service.

44. In response to her complaint of discrimination/retaliation, Zobrist responded by telling Plaintiff that she should have brought it up sooner, he did not know what to do and could not understand why Plaintiff was informing him of this.

45. Then, on or about May 27, 2026, (5 days after and her first day back at work since being placed on a PIP), Plaintiff was called into a meeting first thing in the morning and informed that she had no future with Defendants and that her employment was terminated.

46. Plaintiff was given the option to "part amicably" – wherein Defendants seemingly suggested that Plaintiff should resign her post in exchange for Defendants promising not to oppose her Unemployment Compensation.

47. Plaintiff did not agree and rejected Defendants' option to "part amicably," as she believed the Defendants had discriminated/retaliated against her in terminating her employment because of her military service obligations.

48. Plaintiff believes and therefore avers that she was terminated because of her status and obligations as an active member of the United States Army Reserves.

**Count I**
**<u>Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA")</u>**
**(Discrimination & Retaliation - Wrongful Termination)**
**-Against Both Defendants-**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff is an active member of the military, and she has military obligations.

51. Defendants' management exhibited hostility towards Plaintiff's military obligations and told Plaintiff that she had to choose between work and her military service because she "couldn't do both."

52. Plaintiff continued her military obligations after being told to make the aforesaid choice.

53. Plaintiff was terminated by Defendants due to her military obligations, status, and affiliation, including her time off from work for military leave.

54. Defendants' actions of terminating Plaintiff constitute violations of USERRA.

**Count II**
**Pennsylvania Military Affairs Act ("PMAA"), as amended, 51, Pa.C.S.A. §§ 7301, *et seq.***
**(Discrimination & Retaliation - Wrongful Termination)**
**-Against Both Defendants-**

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of her Complaint, as these actions constitute identical violations of the PMAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first

suffered retaliation/interference/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 20, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Stephanie Gonzales | : | CIVIL ACTION |
| v. | : | |
| Service Employees International Union, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/20/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):__________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GONZALES, STEPHANIE

**(b)** County of Residence of First Listed Plaintiff: Hillsborough
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

SERVICE EMPLOYEES INTERNATIONAL UNION, ET AL.

County of Residence of First Listed Defendant: Washington DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - mployment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
USERRA (38USC4301)

Brief description of cause:
Violations of USERRA and the PMAA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/20/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______